1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 ARONDO AUSTIN,                    )        1:04-cv-05104-REC-DLB-P
                                     )
12            Plaintiff,             )        **FINDINGS AND RECOMMENDATIONS**
                                     )        **RE DISMISSAL OF ACTION FOR**
13 vs.                               )        **FAILURE TO OBEY A COURT ORDER**
                                     )        **AND FAILURE TO STATE A CLAIM**
14 D.L. WINETT, et al.,              )        **UPON WHICH RELIEF MAY BE**
                                     )        **GRANTED**
15            Defendants.            )
   ───────────────────────────────  )        (Docs. 38, 40, 42, 44)
16

17     Plaintiff, Arondo Austin ("plaintiff"), is a state prisoner

18 proceeding pro se and in forma pauperis in this civil rights action

19 pursuant to 42 U.S.C. § 1983.

20     By initial order filed March 14, 2005, the court found that

21 plaintiff's complaint failed to state any claims for relief against

22 the named defendants.  The court dismissed plaintiff's complaint

23 and ordered plaintiff to file an amended complaint within thirty

24 (30) days from the date of service of that order.  On April 19,

25 2005, June 3, 2005, and August 17, 2005, respectively, plaintiff

26 filed motions to extend time.  On April 28, 2005, July 14, 2005,

27 and October 5, 2005, respectively, the court granted plaintiff an

28 additional thirty (30) days within which to comply.  More than

                                    1

1  thirty days have passed and plaintiff has not filed an amended

2  complaint or otherwise responded to the court's order(s).[1]

3      Local Rule 11-110 provides that "failure of counsel or of a

4  party to comply with these Local Rules or with any order of the

5  Court may be grounds for the imposition by the Court of any and all

6  sanctions . . . within the inherent power of the Court."  District

7  courts have the inherent power to control their dockets and "in the

8  exercise of that power, they may impose sanctions including, where

9  appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>,

10 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,

11 with prejudice, based on a party's failure to prosecute an action,

12 failure to obey a court order, or failure to comply with local

13 rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir.

14 1995)(dismissal for noncompliance with local rule); <u>Ferdik v.</u>

15 <u>Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

16 failure to comply with an order requiring amendment of complaint);

17 <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

18 failure to comply with local rule requiring pro se plaintiffs to

19 keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833

20 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

21 court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir.

22 1986)(dismissal for failure to lack of prosecution and failure to

23 comply with local rules).

24     In determining whether to dismiss an action for lack of

25 prosecution, failure to obey a court order, or failure to comply

---

[1] On October 20, 2005 [#45], the United States Postal Service returned the order served on
plaintiff on October 5, 2005 [#44], as undeliverable.  A notation on the envelope indicated:  Return to
Sender - Refused.  [Plaintiff has not notified the court of any change in his address.  Absent such notice,
service at a party's prior address is fully effective.  <u>See</u> Local Rule 83-182(f).]

with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's initial order of March 14, 2005, requiring plaintiff to file an amended complaint, expressly stated: "...failure to file an amended complaint in accordance with this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order."  Thus, plaintiff had adequate warning that dismissal would result from non-compliance with the court's order(s).

1    Accordingly, it is HEREBY RECOMMENDED that this action be

2  DISMISSED for plaintiff's failure to obey the court's initial order

3  of March 14, 2005, and for the reasons set forth therein, namely,

4  for failure to state a claim upon which relief may be granted.

5    These Findings and Recommendations are submitted to the United

6  States District Judge assigned to the case, pursuant to the

7  provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**

8  after being served with these Findings and Recommendations,

9  plaintiff may file written objections with the court.  Such a

10  document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendations."  Plaintiff is advised that failure

12  to file objections within the specified time may waive the right to

13  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

14  (9th Cir. 1991).

15    IT IS SO ORDERED.

16    **Dated:    December 2, 2005**                 _/s/ **Dennis L. Beck**_

    3c0hj8                                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4