# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARONDO AUSTIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. L. WINETT, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:04-cv-05104-DLB PC<br><br>ORDER<br><br>(Docs. 83, 84) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. This action is proceeding on plaintiff's amended complaint, filed March 21, 2006, against defendants Winett, Huebner, Salisbury, Lundy, Langham, Nelson, Guerrero and Meyers ("defendants"). This action is set for trial before the undersigned commencing February 3, 2009. On September 10, 2008, this Court issued a Further Scheduling Order, setting the deadlines for the filing of pre-trial statements, motions for attendance of unincarcerated witnesses, and for the submission of witness fees.(Doc. 81).

On November 10, 2008, plaintiff filed a motion to vacate the pre-trial conference date and also the briefing schedule. (Doc. 83). Plaintiff has also filed a request for the issuance of a subpoena duces tecum. (Doc. 84).

**Motion For Subpoena Duces Tecum**

Plaintiff states that documents from the years 2003 to 2004 are missing from his mental health files. Plaintiff therefore requests the issuance of a subpoena commanding the production of his case records. (Doc. 84).

1

1  Notwithstanding the fact that the discovery phase of this action closed nearly a year ago, plaintiff's request for a subpoena duces tecum must be denied. Plaintiff is entitled to seek documentary evidence from third parties via the issuance of a subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the United States Marshal given that plaintiff is proceeding in forma pauperis. Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court. In this instance, the Court has concerns about futility, as plaintiff has asserted that the documents are not in his medical file. If the documents are not in his medical file, it is not clear to the court where they would be and the court will not send the Marshal on a fishing expedition.

Accordingly, plaintiff's motion for a subpoena, filed November 13, 2008, is HEREBY DENIED.

**Plaintiff's Motion to Vacate Telephonic Trial Confirmation Hearing Date and Briefing Schedule**

"A scheduling order shall not be modified except upon a showing of good cause" and by leave of court. Fed. R. Civ. P. 16(b). Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

Plaintiff requests that the telephonic trial confirmation hearing and briefing schedule be vacated because he cannot locate his mental health records, which he requires as evidence.

Plaintiff has not presented good cause for the modification of the scheduling order. This action is over four years old, and the Court cannot hold this action in abeyance indefinitely while plaintiff searches for documents that are missing from his medical file. Accordingly, this matter remains set for telephonic trial confirmation hearing on **December 19, 2008**, and for trial commencing **February 3, 2009.** Plaintiff may address his request for the medical documentation at the telephonic trial confirmation hearing.

IT IS SO ORDERED.

Dated:   **December 11, 2008**          /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE